UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERMAINE S. EWING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:10CV193 LMB |
| | ) |
| TOM CLEMENTS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 517914), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #4]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.53. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $102.67, and an average monthly balance of $27.45. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.53, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Tom Clements (Director, Division of Adult Institutions); Mike Kemna (Deputy Director, Division of Adult Institutions); Troy Steele (Superintendent, Southeast Correctional Center "SECC"); Jenna Cook (Institutional Investigator, SECC); Omar Clark (Acting Warden, SECC); John Williams (Functional Unit Manager, SECC); Jay Gorham (Custody Classification Worker, SECC); L. Armstrong (Custody Classification Assistant, SECC); Alex S. Clinton (correctional officer); B. Hoskins (correctional officer); W. Petty (correctional officer); H. Creg (correctional officer); Unknown Redden (correctional officer); Ralf Salke (Senior Regional V.P. of Operations, Correctional Medical Services "CMS"); Elizabeth Conley (Regional Medical Director, CMS); J. Cofield (Regional Director of Constituent Services, CMS); William Stange (Acting Warden); Michael Hakala (doctor, CMS); Tammi Martinez (nurse, CMS); Debbie Vinson (nurse, CMS); Dewayne Kemper (Deputy Division Director, Adult Institutions); Kathy Barton (nurse, CMS); Paula Phillips (Functional Unit Manager); C. Dowdy (Functional Unit Manager); Unknown Buhs (Custody Classification Worker); Amanda Gibson (nurse, CMS); and T. Jackson (correctional officer).

Plaintiff alleges that in September of 2009 he suffered chest pains and pushed the duress button in his housing unit. Plaintiff complains that defendant Hoskins,

Creg, Jackson and Redden, correctional officers assigned to his unit, delayed responding to his duress call for fifteen (15) minutes. Plaintiff asserts that after defendant Hoskins finally responded to the duress call, instead of getting him immediate medical attention he placed plaintiff in a "strip cage" with his arms cuffed behind his back and made him wait for a nurse for an additional fifteen (15) minutes.

Plaintiff asserts that defendant Gibson, a nurse at CMS, was deliberately indifferent to his medical needs when she ignored plaintiff's elevated pulse and request for treatment and ordered that he be returned to his cell. Plaintiff claims that defendant Hoskins came to the "strip cage" to take him back to his regular cell and refused to help him when he became light-headed and fell. Plaintiff alleges that defendant Hoskins then began using his knee, foot and the cage door to "hit, kick and push" him back into the "strip cage" and left him there. Plaintiff claims that defendant Jackson witnessed this "physical assault" and failed to report defendant Hoskins' behavior.

Plaintiff claims that defendants Petty and Clinton had second-hand knowledge of Hoskins' alleged physical abuse and deliberate indifference to his medical needs and failed to intervene or report his behavior. Plaintiff asserts that the MDOC defendants Armstrong, Gorham, Williams, Clark, Steele, Kemna, Clements, Steele, Stange, Cook, and Kempker acted unlawfully by failing to properly respond to his grievances related to Hoskins' behavior and failing to investigate the matter to his full satisfaction.

Similarly, plaintiff asserts that the CMS defendants Hakala, Vinson, Martinez, Conley, Salke, Cofield and Barton acted unlawfully by failing to adequately investigate defendant Gibson's purported deliberate indifference to his medical needs.

Plaintiff alleges that defendant Phillips acted unlawfully when she called him to her office after the June 2010 incident and told him to call his mother and tell her she was fine, as she had called the prison and complained her son was not receiving adequate medical care. Plaintiff does not state the cause of action he believes he has against defendant Phillips. Plaintiff claims that defendants Dowdy and Buhs failed to properly investigate his grievances against defendant Phillips.

Plaintiff asserts that defendant Petty harassed him by giving him conduct violations unjustly in order to keep him from leaving the administrative segregation unit. Plaintiff does not give the details of the alleged unjust conduct disorders. Plaintiff seeks ten million dollars in monetary damages for the purported unlawful behavior. In a separately filed motion, plaintiff also seeks a mandatory preliminary injunction requiring the Missouri Department of Corrections to house him with a non-smoker.

**Discussion**

The complaint is silent as to whether the MDOC defendants are being sued in their official or individual capacity. Where a "complaint is silent about the capacity

in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted against all of the defendants employed by the Missouri Department of Corrections.

Similarly, the complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to the CMS defendants, as well.

Furthermore, the Court notes that most of plaintiff's allegations against the majority of the defendants sound in respondeat superior, which is not actionable under 42 U.S.C. § 1983. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that

injured plaintiff). Thus, plaintiff has not stated a cause of action against any of the supervisory defendants in this action, as he has not properly alleged that they are personally involved in the alleged deprivation of his rights by defendants Hoskins and/or Gibson.[1]

Lastly, plaintiff's separately filed motion for preliminary injunction, relating to his request for a non-smoking cellmate will also be denied. "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the complaint. Consequently, the motion for preliminary injunction will be denied.

---

[1]"In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id. "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.53 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to any of the named defendants as the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction [Doc. #4] is **DENIED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of May, 2011.

 /s/ Stephen N. Limbaugh, Jr.
 STEPHEN N. LIMBAUGH, JR.
 UNITED STATES DISTRICT JUDGE